# UNITED STATES DISTRICT COURT
for the
District of Columbia

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )       Case No. 21-SW-359
)
the person of JAMAL GASSAWAY, B/M, )
DOB: 06/06/1987, PDID: 552-412 )
)

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I haPve reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

JAMAL GASSAWAY, B/M, DOB: 06/06/1987, PDID: 552-412, who is presently at. D.C. Jail

located in the _____ District of _____Columbia_____, there is now concealed *(identify the person or describe the property to be seized)*:

a saliva sample from the defendant's mouth.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 922(g)(1) | Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year |

The application is based on these facts:
see attached Affidavit

☐ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Detective David E. Evans, MPD, Badge # D2-1397
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____telephone_____ *(specify reliable electronic means)*.

Date: 11/02/2021

*Judge's signature*

City and state: Washington, D.C.        ROBIN M. MERIWEATHER, United States Magistrate Judge
*Printed name and title*

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means    ☐ Original    ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>JAMAL GASSAWAY, B/M,<br>DOB: 06/06/1987, PDID: 552-412 | Case No. 21-SW-359 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of Columbia
*(identify the person or describe the property to be searched and give its location)*:

JAMAL GASSAWAY, B/M, DOB: 06/06/1987, PDID: 552-412, who is presently at. D.C. JAIL

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

a saliva sample from the defendant's mouth.

**YOU ARE COMMANDED** to execute this warrant on or before   November 18, 2021   *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   Robin M. Meriweather   .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ___ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:   11/02/2021 00:00
_____
*Judge's signature*

City and state:   Washington, D.C.
Robin M. Meriweather, United States Magistrate Judge
*Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** |||
|---|---|---|
| Case No.:<br>21-SW-359 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name(s) of any person(s) seized: |||

| **Certification** |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.<br><br><br>Date: _____<br><br>                                                                  *Executing officer's signature*<br><br>                                                                   *Printed name and title* |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN THE MATTER OF THE
APPLICATION OF THE UNITED
STATES OF AMERICA FOR A SEARCH         Case No.: 21-CR-550
WARRANT FOR THE PERSON OF
JAMAL GASSAWAY, B/M

**AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT**

I, David E. Evans, a Detective with the Metropolitan Police Department, hereinafter the Affiant, being duly sworn, deposes and states as follows:

**AGENT BACKGROUND**: Your Affiant, Detective David E. Evans, is a sworn officer of the Metropolitan Police Department in Washington, D.C. Your Affiant has been a member of the MPD since April 1999 (22 years) and is currently a Detective assigned to the Criminal Investigations Division, ATF/MPD NIBIN Investigations Unit. Prior to your Affiant's current assignment he was assigned to the Carjacking Task Force and the Sexual Assault Unit. During my tenure, your Affiant has assisted with arrests of persons in violation of narcotics, firearms, and violent crimes. Your Affiant has received training in the following areas: Basic Investigator Course, Basic Interview & Interrogation training as well as Advanced Interview & Interrogation training. Throughout your Affiant's tenure, your Affiant has conducted numerous criminal investigations, interviewed victims, witnesses, and suspects and has seen criminal cases through the judicial system. Your Affiant investigated numerous felony and misdemeanor offenses and has drafted several affidavits in support of both the arrest and search warrants for such crimes.
.

**SUBJECT:**     For the person of JAMAL GASSAWAY, B/M, DOB: 06/06/1987, PDID: 552-412.

**INVESTIGATION:**

On Saturday, August 21, 2021, at approximately 1904 hours inside of the Stanton Supermarket 1449 Howard Road SE, Washington, D.C., Metropolitan Police Department ("MPD") Officer Donald Green, while off-duty working part time at the above location in full police uniform, observed a male (later identified by word of mouth as Jamal, Gassaway, and hereinafter referred to as Defendant Gassaway), walk past Officer Green, with an unusually large bulge in the front of his waistband. Officer Green immediately recognized Defendant Gassaway to have a large and distinct "L" shape protruding from the front right side of his waistband. The "L" shape was not consistent with any part of the human anatomy. It should also be noted that Defendant Gassaway was wearing tight-fitting jean pants and a tight fitted shirt that also that enabled Officer Green to notice the "L" shaped object. Officer Green, having extensive training, knowledge, and experience in recovering firearms, immediately believed that Defendant Gassaway had a pistol on his person.

1

Officer Green locked the door to the Stanton Supermarket then walked over to Defendant Gassaway in an attempt to make contact. Officer Green asked Defendant Gassaway if that was a pistol in the front of his waistband, and Defendant Gassaway stated "I don't have anything," and attempted to exit the store. Defendant Gassaway then started kicking the door in an effort to leave. While Defendant Gassaway was kicking the door and struggling with the officer the firearm fell from Defendant Gassaway's person and onto the floor. This interaction, to include the firearm falling out of the defendant's pants, was captured on surveillance camera from inside the store. Officer Green continued to hold Defendant Gassaway by his waistband until additional units arrived on scene. With the assistance of responding Officers, Defendant Gassaway was placed in handcuffs.

The firearm was recovered by Officer Green[1] and taken to the Seventh District. A WALES/NCIC check was conducted on the firearm, which revealed that it was stolen on December 26, 2018. CSU 93 Everett responded to the Seventh District and recovered the handgun. The handgun was determined to be a Glock 19 9mm semi-automatic, with a serial number of ACMF579. The firearm was loaded with 15 rounds of 9mm caliber ammunition in the magazine and one round in the chamber. The magazine that was recovered was capable of holding 17 rounds of ammunition. There are no firearm or ammunition manufacturers in the District of Columbia. Therefore, the firearm and ammunition in this case would have traveled in interstate commerce.

A criminal history check of Defendant Gassaway through the National Crime Information Center (NCIC) confirmed that the defendant has a prior felony conviction in the Circuit Court for Prince George's County, Maryland for Robbery with a Dangerous Weapon and Use of a Handgun During a Crime of Violence, case number CT071928B. The defendant was sentenced to six (6) years incarceration and three (3) years of supervised probation. The defendant was also previously convicted in D.C. Superior Court case 2011 CF2 13148 for Unlawful Possession of a Firearm (Prior Conviction) of and was sentenced to 24 months incarceration. The defendant was also previously convicted in D.C. Superior Court case 2007 CF2 17842 of Carrying a Pistol Without a License (Outside Home or Place of Business) where he was sentenced to 22 months incarceration, and 2006 CF2 1585, also for Carrying a Pistol Without a License (Outside Home or Place of Business), where he was sentenced to 22 months incarceration. Therefore, the defendant was aware at the time of his arrest in this case that he had a prior conviction for crimes punishable by more than one year imprisonment.

---

[1] Your affiant discloses the following fact: In 2017, Officer Green was accused of lying under oath in a juvenile detention hearing in D.C. Superior Court. Officer Green disputed this allegation. Initially, the Disciplinary Review Division of the Metropolitan Police Department sustained the allegations, finding that Officer Green provided false testimony in Court. This was based off an incident where there existed discrepancies between testimony and body-worn camera materials. In November of 2019, Metropolitan Police Department Labor Committee and the Metropolitan Police Department settled the matter, with the Department reclassifying its initial finding as "unfounded," and determining that your affiant was, in fact, truthful. The U.S. Attorney's Office also declined criminal prosecution based on these allegations.

The defendant's arrest occurred during the COVID-19 health emergency. This emergency resulted in significant changes to the day-to-day operations of the Central Cell Block, the D.C. Jail, the United States Marshal's Service, the U.S. District Court, and the U.S. Attorney's Office. Due to these changes as well as heightened concerns for the well-being of law enforcement officers, arrestees, and employees of the Department of Forensic Sciences, a buccal swab warrant was not obtained and a buccal swab was not taken at the time of the defendant's arrest. The defendant was then erroneously released and is now back in custody. Your affiant is completing the follow up investigation on this case.

As is noted above, in the context of investigating this crime, officers recovered a Glock 19 9mm semi-automatic with a serial number of ACMF579. Based upon your Affiant's training and experience in the recovery of firearms in similar circumstances, this firearm likely contains DNA. In my experience, some DNA is often left on and recovered from evidence of this kind.

Based upon the facts of the case, there an evidentiary nexus between the recovered firearm and the individual whose DNA is sought, as it was recovered from under the driver of the defendant's vehicle. This firearm will be swabbed for potential DNA, consistent with the policies of the Metropolitan Police Department and the D.C. Department of Forensic Sciences ("DFS"). This firearm is awaiting testing at the DFS laboratory, the Federal Bureau of Investigation Forensics Laboratory or other accredited forensic laboratory. The government now seeks to obtain a saliva sample from the defendant to compare the defendant's DNA to the DNA found on this firearm. A match between the defendant's DNA and the DNA on the firearm would make a fact of consequence in this case – the defendant's unlawful possession of the firearm – more or less probable.

**PROBABLE CAUSE:**

There is probable cause to search the defendant for a saliva sample containing his DNA because there is a fair probability that his DNA is evidence of a crime. The firearm recovered likely contains DNA. The firearm will be swabbed for DNA, and the government plans to test the evidence for DNA upon receipt of the defendant's DNA. A match between the defendant's DNA and DNA on the firearm would make it more or less probable that defendant committed the crime of unlawful possession of the firearm.

There is probable cause to search the defendant for his saliva sample as it is evidence of the crime of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1). Therefore, I respectfully request that a search warrant be issued permitting members of the Metropolitan Police Department, members of the Federal Bureau of Investigation, members of the U.S. Attorney's Office for the District of Columbia's Criminal Investigation and Intelligence Unit, and/or the D.C. Department of Forensic Sciences to take a buccal swab from Defendant Jamal Gassaway.

                                                                               _____

Date: November 2, 2021                   Detective David E. Evans, Badge # D2-1397
                                                                              Metropolitan Police Department

*Subscribed and sworn pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on November 2, 2021.*

                                                             _____

                                                             ROBIN M. MERIWEATHER
                                                             MAGISTRATE JUDGE
                                                             FOR THE DISTRICT OF COLUMBIA